UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
WELLS FARGO BANK, N.A.,

                Plaintiff,

    -against-

QUEEN TEC SUPPORT INC. and
SAJIDA MOMENI,

               Defendants.
---------------------------------------------------------------- x

**REPORT AND RECOMMENDATION**

23-CV-4462 (NGG)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), as a disinterested stakeholder, brought this interpleader action pursuant to 28 U.S.C. §§ 1335 and 2361 against Defendants Queen Tec Support Inc. ("Queen Tec") and Sajida Momeni, seeking to deposit $45,000.00 of disputed funds with the Court. (*See generally* Compl., ECF No. 1.)[1] The Court dismissed Wells Fargo from this action and awarded attorneys' fees. (*See* Nov. 13, 2023 Order, ECF No. 25.) Before the Court is Momeni's motion for default judgment against Queen Tec, pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(a). (*See generally* Mot., ECF No. 28.) The Honorable Nicholas G. Garaufis referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that Momeni's motion for default judgment should be **granted**.

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted. Citations to this district's Local Civil Rules are to the rules effective July 1, 2024, the operative rules when the motion was filed.

I.     **BACKGROUND**

   A.     **Factual Allegations**

The following facts are taken from the Complaint and the declaration in support of Momeni's motion and are assumed to be true for the purposes of this motion. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015).

The instant dispute arises from a December 21, 2022 wire transfer in the amount of $45,000 from Momeni's account at PNC Bank into Queen Tec's account at Wells Fargo (the "December 2022 Wire"). (Compl., ECF No. 1 ¶¶ 10–11.) Queen Tec had opened a Simple Business Checking Account ending in 4461 at the Wells Fargo branch in Great Neck, New York (the "Queen Tec Account") approximately one month earlier, on November 14, 2022. (*Id.* ¶ 10.) Approximately one month after the December 2022 Wire, on or about January 30, 2023, Wells Fargo was notified that the December 2022 Wire was fraudulent and was asked to recall the wire transfer and return the funds to Momeni's account with PNC Bank. (*Id.* ¶ 12.) As a result, Wells Fargo restrained the $45,000 in the Queen Tec Account (the "Restrained Funds"). (*Id.* ¶ 13.) The next day, Wells Fargo also called a Queen Tec representative to request debit authority to return the Restrained Funds to Momeni, but the representative terminated the call. (*Id.* ¶¶ 14–15.) Wells Fargo also sent a letter to Queen Tec, reiterating its request, but did not receive any response or direction regarding the Restrained Funds. (*Id.* ¶¶ 16–17.) Because Queen Tec failed to authorize Wells Fargo to return the Restrained Funds, the disputed funds were not sufficient to cover the claims of both Queen Tec and Momeni. (*Id.* ¶ 18.)

### B. Procedural History

Wells Fargo initiated this action on June 16, 2023, seeking to deposit the Restrained Funds with the Registry of the Court for subsequent disbursement, and served the summons and Complaint on Momeni and Queen Tec in June 2023 and July 2023, respectively. (*See generally* Compl., ECF No. 1; Affs. of Service, ECF Nos. 12–13.) Momeni answered the Complaint and asserted a crossclaim against Queen Tec for the full amount of the Restrained Funds. (Momeni Ans., ECF No. 18.) After Queen Tec failed to answer or otherwise respond to the Complaint or Momeni's cross-claim, the Clerk of Court entered default against it. (Entry of Default, ECF No. 19.)

Wells Fargo moved for interpleader relief pursuant to 28 U.S.C. § 1335 on October 12, 2023, and requested attorneys' fees and costs. (ECF No. 20.) Momeni initially opposed Wells Fargo's request for attorneys' fees (ECF No. 23), but subsequently the parties reached an agreement in principle during a settlement conference on October 31, 2023. (*See* Oct. 31, 2023 Min. Entry.) On November 13, 2023, the Court entered a Consent Order consistent with the parties' agreement that: (1) awarded Wells Fargo attorneys' fees and costs of $1,700 paid from the Restrained Funds; (2) directed Wells Fargo to deposit $43,300.00 (the Restrained Funds minus $1,700 for Wells Fargo's attorneys' fees) into the Registry of the Court within sixty days of the date of the Order; (3) restrained and enjoined Queen Tec and Momeni from bringing any action against Wells Fargo in connection with this interpleader action or the Restrained Funds; and (4) dismissed Wells Fargo as a party to the action with prejudice. (Nov. 13, 2023 Order, ECF No. 25.) Wells Fargo sent the funds to the Court on December 1, 2023. (Momeni Ltr., ECF No. 26 at 2; *id.* Ex. B, ECF No. 26-2 at 7.)

On July 1, 2024, Momeni moved for an Order: (1) granting default judgment against Queen Tec and (2) authorizing payment of the Restrained Funds to her and her counsel, in payment of attorneys' fees and expenses. (Mot., ECF No. 28; *see* Harwood Decl., Ex. D (Proposed Default Judgment), ECF No. 28-7 at 2–3.) Judge Garaufis referred the motion for report and recommendation. (July 2, 2024 Order Ref. Mot.) To date, Queen Tec has not appeared in this action or responded to Momeni's motion.

## II.    STANDARD FOR DEFAULT JUDGMENT

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment. Fed. R. Civ. P. 55(a)-(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y Mar. 9, 2021)*. First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default. Fed. R. Civ. P. 55(a). If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment. Fed. R. Civ. P. 55(b)(1). *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). The Court must draw all reasonable inferences in favor of the movant. *Finkel*

*v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "'[a] default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant.'" *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)).

### III. DISCUSSION

#### A. Jurisdiction

##### 1. Subject Matter Jurisdiction

"Before granting a motion for default judgment, a court must first determine whether it has subject matter jurisdiction over the action." *Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*, No. 20-CV-150 (ALC), 2021 WL 4427016, at *3 (S.D.N.Y. Sept. 27, 2021) (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 125–27 (2d Cir. 2011)). The Court has original jurisdiction over Wells Fargo's interpleader action brought pursuant to 28 U.S.C. §§ 1335 and 2361. "Statutory interpleader pursuant to 28 U.S.C. § 1335 has three jurisdictional requirements: '1) the amount in controversy must be $500 or more; 2) the two or more adverse claimants claiming entitlement to the amount in controversy must be of diverse citizenship; and 3) the plaintiff must deposit either the amount at issue, or an appropriate bond, with the court.'" *Wells Fargo Bank, N.A. v. Krenzen Auto Inc.*, No. 19-CV-5329 (PKC)(RER), 2021 WL 695122, at *2 (E.D.N.Y. Feb. 23, 2021) (quoting *Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 484 (E.D.N.Y. 2019)). "Section 1335 has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants without regard to the circumstance that other rival claimants may be co-citizens." *Hudson Pak Establishment v. Shelter for Homeless,*

*Inc.*, 224 F. App'x 26, 29 (2d Cir. 2007) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)).

The action satisfies the three requirements. *First*, the Restrained Funds are in the amount of $43,300.00, far more than the statutory minimum amount in controversy of $500. *Second*, diversity of citizenship is established: as alleged in the Complaint, Wells Fargo is a citizen of South Dakota, Queen Tec is a citizen of New York, and Momeni is a citizen of Missouri. (Compl., ECF No. 1 ¶ 4–6.) *Third*, Wells Fargo deposited the Restrained Funds in the amount of $43,300.00 after deducting the $1,700.00 attorney's fees and costs into the Registry of the Court. (Mem., ECF No. 28-8 at 4; Momeni Ltr. Ex. B, ECF No. 26-2 at 7.) Accordingly, this Court has jurisdiction pursuant to the federal interpleader statute, 28 U.S.C. § 1335.

### 2. Personal Jurisdiction

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). The three requirements for personal jurisdiction are: (1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012) (subsequent history omitted).

The Court has personal jurisdiction over Queen Tec. *First*, Wells Fargo properly served Queen Tec by delivering copies of the Summons and Complaint to the New York Secretary of State. (Aff. of Service, ECF No. 13.) This method of service on a corporation complies with

federal and state procedural rules. Fed. R. Civ. P. 4(h)(1)(A), (e)(1); N.Y. C.P.L.R. § 311(a)(1); N.Y. Bus. Corp. Law § 306(b)(1). *Second*, "[t]he Court has general jurisdiction over [the] Corporate Defendant[], because [it is a] New York corporations 'doing business' in New York." *Pich v. Queens Garden Nursery, Inc.*, No. 22-CV-3362 (MKB)(MMH), 2024 WL 687234, at *3 (E.D.N.Y. Feb. 20, 2024) (quoting *Francis v. Ideal Masonry, Inc.*, No. 16-CV-2839 (NGG)(PK), 2018 WL 4292171, at *3 (E.D.N.Y. Aug. 3, 2018)), *adopted by* 2024 WL 967636 (E.D.N.Y. Mar. 6, 2024). *Third*, "[s]ince jurisdiction is proper for [Queen Tec] under [the] CPLR, the Court's exercise of personal jurisdiction comports with constitutional due process." *Francis*, 2018 WL 4292171, at *3. Queen Tec therefore "has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction" and "it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *Licci*, 673 F.3d at 60 (citation omitted).[2]

### B. Procedural Compliance

Momeni has demonstrated that she took the required procedural steps to provide notice to Queen Tec and to substantially comply with the requirements for default judgment motions. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 n.2 (2d Cir. 2006) ("A district court has

---

[2] The Court will not address personal jurisdiction over Momeni because "a district court should not raise personal jurisdiction *sua sponte* when a defendant has appeared and consented, voluntarily or not, to the jurisdiction of the court." *Sinoying Logistics Pte*, 619 F.3d at 213. That said, Momeni was properly served under Fed. R. Civ. P. 4(e)(2)(A) and she voluntarily appeared in this Court. (Aff. of Service, ECF No. 12; *see also* (Momeni Am. Ans., ECF No. 18 at 7) (requesting the Court to "[t]ake jurisdiction over the parties.").)

The Court also finds that venue is proper in this district because the disputed Restrained Funds were transferred to the Queen Tec Account at the Wells Fargo branch located in Great Neck, New York. 28 U.S.C. § 1391(b)(2) ("[A] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.").

broad discretion to determine whether to overlook a party's failure to comply with local rules.") Specifically, Momeni's submission includes a notice of motion (Local Civ. R. 7.1(a)(1)), a memorandum of law in support of the motion (Local Civ. R. 55(a)(2)), a copy of the Clerk's certificate of default for Queen Tec (Local Civ. R. 55.2(a)(1)(A)), and a proposed judgment (Local Civ. R. 55.2(a)(2)). Additionally, Momeni includes an affidavit of service for the motion papers and a supplemental affidavit of service after the initial mailing was returned as undeliverable.[3] (Local Civ. R. 55.2(a)(3).)

### C.  Default Judgment

"Interpleader is a procedural device used to resolve conflicting claims to money or property. It enables a person or entity in possession of a tangible *res* or fund of money (the 'stakeholder') to join in a single suit two or more 'claimants' asserting mutually exclusive claims to that stake." *Liberty Mut. Fire Ins. Co. v. CitiMortgage, Inc.*, No. 20-CV-5839 (EK)(RER), 2022 WL 5424790, at *3 (E.D.N.Y. July 21, 2022), *adopted by* 2022 WL 4483396 (E.D.N.Y. Sept. 27, 2022) (quoting *Madison Stock Transfer*, 368 F. Supp. 3d at 472, which in turn quotes 4 James Wm. Moore *et al.*, Moore's Federal Practice 22.02(1) (3d ed. 2019)). "In an interpleader action, the failure of a claimant defendant 'to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted.'" *Krenzen Auto*, 2021 WL 695122, at *3 (quoting *Metro. Life Ins. Co. v.*

---

[3] Notably, the mailing address in both affidavits of service for the motion papers is **4130**A College Point Boulevard, Flushing, New York 11355—*i.e.*, the address on file with the New York Secretary of State. (ECF Nos. 28–9, 29; *see also* "Corporation and Business Entity Database," N.Y. Dep't of State Div. of Corps., https://apps.dos.ny.gov/publicInquiry/#search ("Entity Display" for "Queen Tec Support Inc.") (emphasis added) (last visited Mar. 10, 2025).) This address differs from Queen Tec's address as alleged in the Complaint—to wit, **41-20**A College Point Boulevard, Flushing, New York 11355.

*Little*, No. 13-CV-1059 (BMC), 2013 WL 4495684, at *2 (E.D.N.Y. Aug. 17, 2013)). "While more frequently it is the plaintiff who moves for entry of default judgment, the right of a defendant in an interpleader action to do so is recognized." *Hawkins v. Boyd*, No. 16-CV-1592 (FB)(RML), 2016 WL 7626577, at *3 (E.D.N.Y. Nov. 18, 2016) (collecting cases), *adopted by* 2017 WL 27949 (E.D.N.Y. Jan. 3, 2017). "Accordingly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund." *Wells Fargo Bank, N.A. v. Kings Tec Support Inc.*, No. 23-CV-4551 (KAM)(RML), 2024 WL 308243, at *2 (E.D.N.Y. Jan. 26, 2024) (citing *Krenzen Auto*, 2021 WL 695122, at *3).

Here, default judgment is appropriate because Queen Tec, the only other potential claimant, has forfeited any claim to the Restrained Funds. Queen Tec was duly served via the New York Secretary of State, yet failed to appear or otherwise contest the interpleader Complaint or Momeni's competing right to the funds. In contrast, Momeni has consistently "asserted a claim to the *res*" in this action, including answering the Complaint, pursuing a crossclaim against Queen Tec, opposing and then consenting to Wells Fargo's request for interpleader deposit, and seeking default judgment and an Order disbursing the remaining funds to her. (*See generally* ECF Nos. 18, 23, 28.)

Moreover, Momeni submits "a sworn affidavit explaining her entitlement to the funds, and how the fraudulent wire transfer in question was initiated." *Kings Tec Support*, 2024 WL 308243, at *2. Specifically, Momeni explains that on December 21, 2022, she called a "Microsoft" phone number after receiving a notice on her computer that it had been hacked. (Momeni Decl., ECF No. 28-1 ¶ 2.) The "Microsoft" person who responded explained that Momeni's computer, internet account, phone (including family members' phones), and bank account had been hacked, and that $2,400 had been charged to her account by someone paying

for illicit sexual activity. (*Id.* ¶ 3.) After Momeni disclosed her bank's identity, the "Microsoft" person told her that a PNC bank representative would call her. (*Id.*) In several phone calls that day, a "PNC Bank employee" and his "supervisor" directed Momeni to obtain two cashier's checks totaling $50,000 payable to Queen Tec and to deposit the funds into Queen Tec's account at Wells Fargo, which account number was given to Momeni by the "PNC Bank" employees. (*Id.* ¶¶ 4–9.) However, Momeni was unable to complete the transaction that day. (*Id.* ¶ 10.) The next day, on December 22, 2022, "Brian Ross," a purported security officer from PNC Bank, directed Momeni to redeposit the cashier's checks to her PNC Bank account and then wire $45,000 to Queen Tec's account at Wells Fargo. (*Id.* ¶¶ 12–13.) Momeni complied and texted a photograph of the transaction's receipt to "Brian Ross." (*Id.* ¶¶ 14–15.) Eventually Momeni, realizing that she "had been deceived," reported the fraud to her family and PNC Bank on January 27, 2023 and to law enforcement thereafter, but PNC Bank was unable to recall the wire transfer. (*Id.* ¶¶ 21–24, 28.)

Moment's sworn statements are consistent with Wells Fargo's allegations in the interpleader Complaint—to wit, on December 22, 2022, the Queen Tec Account received a wire transfer from Momeni's PNC Bank account in the amount of $45,000, and on January 30, 2023, Wells Fargo was notified that the transfer was fraudulent. (Compl., ECF No. 1 ¶¶ 11–12.) Momeni states that her "damages are $45,000," and that "Wells Fargo paid into the Court's registry, $43,300, which is the amount of funds that Queen Tec took from [her] by fraud, less the amount the Court allowed Wells Fargo to deduct as attorneys' fees." (Momeni Decl., ECF No. 28-1 ¶ 32.). Momeni also asks for the funds "as partial payment of my damages, to be paid to [her] and [her] attorneys," noting that her outstanding attorneys' fees total $5,746.80. (*Id.*) Based on these corroborated sworn statements, Momeni establishes her

entitlement to the Restrained Funds, to a default judgment, and to disbursements to her attorneys from the Restrained Funds. *See Kings Tec Support*, 2024 WL 308243, at *2 (in interpleader action, granting default judgment to defendant and ordering disbursement of requested *pro hac vice* costs to defendant's counsel).

### IV.   CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Momeni's motion for default judgment at ECF No. 28 should be **granted** as follows: (1) default judgment should be entered against Queen Tec; and (2) the Restrained Funds in the amount of $43,300.00 should be distributed to Momeni in the amount of $37,553.20 and to her counsel in the amount of $5,746.80.

A copy of this Report and Recommendation is being served on Momeni via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Queen Tec Support, Inc. at 4130A College Point Boulevard, Flushing, New York 11355 and 41-20A College Point Boulevard, Flushing, New York 11355.[4]

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Garaufis. If a

---

[4] *See* note 3, *supra*.

party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 10, 2025

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge